**Karen THOMAS, Plaintiff,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. CIV.1:03CV65.**

United States District Court, W.D. North Carolina. Asheville Division.

Sept. 5, 2003.

James H. Moore, Jr., Waynesville, NC, for Karen W. Thomas, plaintiff.

Debbie W. Harden, Katherine Lange, Womble, Carlyle, Sandridge & Rice, Charlotte, NC, for Hartford Life & Accident Insurance Company, defendant.

## ORDER OF DISMISSAL

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendants' motion to dismiss to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of the recommendation, the Defendant's motion is granted. 28 U.S.C. § 636(b); Fed. R.Civ.P. 72.

On February 19, 2003, Plaintiff sued the Defendant in state court alleging that in November 1999, her husband entered into a life insurance agreement pursuant to which she was a beneficiary to the extent of 50 percent of the proceeds. Plaintiff's husband died in April 2001 and in August of that year, Defendant released $105,424.80 of the proceeds to the Plaintiff. Five days later, the Defendant released another amount of approximately the same sum to her. Both sums were deposited into a "Safe Haven" account and were managed by the Defendant. However, in June 2002, Defendant realized that the second payment had been mistakenly made and recouped the funds from the account.

In March 2003, Defendant removed the action from state court to this Court on the basis that the insurance benefits were an employee benefit received by the deceased from his employer and thus, state court claims were preempted by the Employee Retirement Security Act (ERISA). Then, the Defendant moved to dismiss the complaint which stated only state common law claims. The Plaintiff never responded to the motion to dismiss, which was filed on March 28, 2003. Instead of granting the motion due to Plaintiff's failure to respond, the Magistrate Judge determined that ERISA preemption precludes dismissal of the action.

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003). However, "[w]hen [a] federal statute completely pre-empts

the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.*, at 2063. The Fourth Circuit has "found that ERISA does completely preempt many state law claims." *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir.2003). "In particular, 'when a complaint contains state law claims that fit within the scope of ERISA[ ], those claims are converted into federal claims, and the action can be removed to federal court.'" *Id.* (quoting *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 187 (4th Cir.2002)).

Here, the Plaintiff neither objected to removal nor responded to the motion to dismiss. On the record currently before the Court, it cannot be definitively ascertained that ERISA completely preempts the state law claims. Hartford has not explained the reason for the recoupment of the second payment, stating only that it was mistakenly paid to the Plaintiff. The complaint does not specify the total death benefit available, alleging only that the Plaintiff was entitled to one-half thereof. It is entirely possible that Hartford mistakenly paid out the other one-half to the Plaintiff instead of to the appropriate beneficiary. Does this fall with ERISA? The Plaintiff has done nothing to elucidate the issue.

Plaintiff's complaint alleged only state law claims; however, the Defendants claim her only remedies come through ERISA. In the five months between the filing of the motion to dismiss and the entry of the Magistrate Judge's Memorandum and Recommendation, Plaintiff's counsel did nothing: no motion to remand to state court was filed; no response to the motion was filed; no motion to amend the complaint was filed; indeed, nothing has been heard from the Plaintiff. Because Plaintiff is represented by counsel, the undersigned is loathe to render protection normally accorded only *pro se* litigants. As a result, the action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendants' motion to dismiss is hereby **GRANTED**, and the Plaintiff's action is hereby **DISMISSED WITHOUT PREJUDICE.**